CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 17 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY WALL,<br>    Plaintiff, | Civil Action No. 7:15-cv-00097 |
| v. | MEMORANDUM OPINION |
| JEFFERY ARTRIP, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Gary Wall, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against twenty-one defendants, all of whom are or were employees of Red Onion State Prison ("ROSP") or officials with the Virginia Department of Corrections ("VDOC"). Currently pending are Defendants' Motion for Summary Judgment [ECF No. 81], and Wall's Counter Motion for Summary Judgment [ECF No. 96]. The Motions for Summary Judgment were referred, pursuant to 28 U.S.C. § 636(b)(1)(B), to a United States Magistrate Judge; she issued a Report and Recommendation ("Report") [ECF No. 99], to which the parties timely filed their objections [ECF Nos. 100, 101]. For the reasons that follow, I will overrule the parties' objections and adopt the Report, grant Defendants' motion in part and deny it in part, and deny Wall's motion.

I.

In Wall's unverified, Second Amended Complaint [ECF No. 12], as amended by ECF No. 50, he alleged that Defendants violated his First Amendment rights by retaliating against him for filing a § 1983 action against a ROSP canine officer and for filing informal complaints and grievances against ROSP officers. Specifically, Wall alleged that various defendants retaliated against him by filing false or exaggerated disciplinary charges against him, upholding these

charges on appeal, threatening him and placing him in long-term segregation confinement and in unfavorable security classifications, or upholding the confinement and security classification decisions. He also asserted due process claims, a conspiracy claim under 42 U.S.C. § 1985, and multiple state law tort claims.

After review of the presented evidence, the magistrate judge recommended granting Defendants' motion as to everything except two claims against defendants Artrip and Lynch in their individual capacities. These two claims contend that in retaliation for Wall's filing of administrative grievances and/or a lawsuit, (1) in the summer of 2013, Artrip assigned Wall to segregation without the required administrative approval of the Central Classification Services; and (2) on November 6, 2014, Lynch filed a fabricated charge against Wall for threatening bodily harm.

II.

In a report pursuant to 28 U.S.C. § 636(b), the magistrate judge makes only recommendations to the court. The recommendations have no presumptive weight, and responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1). In response to a party's objection, the district judge must make "his own determination on the basis of the record developed before the

magistrate" judge.[1] <u>Aluminum Co. of Am., Badin Works, Badin, N.C. v. U.S. Envtl. Prot. Agency</u>, 663 F.2d 499, 502 (4th Cir. 1981). In the absence of specific objections to the report, the court is not required to give any explanation for adopting its findings and recommendations. <u>Camby v. Davis</u>, 718 F.2d 198, 199-200 (4th Cir. 1983). Objections that only repeat arguments and evidence raised before a magistrate judge are considered general objections to the entirety of the report, which have the same effect as a failure to object. <u>Veney v. Astrue</u>, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

Wall objects to the magistrate judge's findings that Wall failed to present a disputed material fact on which he could persuade a fact finder to rule in his favor on the claims recommended for dismissal. In support of these generalized objections, Wall points to allegations in his complaint as amended and exhibits in the record that the magistrate judge clearly reviewed. Wall also reiterates his own summary judgment arguments and his arguments in opposition to Defendants' motion. Nevertheless, in response to Wall's objections, I have reviewed, <u>de novo</u>, the portions of the Report and the record related to each of his objections. I conclude that his concerns have been adequately addressed in the Report and will, therefore, overrule his objections.

> [T]o state a colorable retaliation claim under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Memorandum Opinion, unless otherwise noted.

Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017), cert. denied, 138 S. Ct. 738, (2018). "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id.

Defendants have objected to the Report's recommendation that summary judgment be denied as to the claim that Lynch retaliated for Wall's lawsuit against a canine officer by charging Wall for threatening bodily harm. Specifically, Defendants argue that the guilty finding at the disciplinary hearing on this charge is dispositive of the retaliation claim against Lynch.

I have reviewed, de novo, the related portions of the Report and the record relevant to Defendants' objection. In the cases on which Defendants rely, record evidence clearly indicated that the inmate plaintiff took an action that was not allowed under prison rules, for which the defendant charged him—writing threats or derogatory language in grievances, dousing an officer with a beverage, scuffling with another inmate, or possessing excess canteen items). See Hunnicutt v. Kitt, No. 3:10-CV-857 CSH, 2012 WL 1247268 (D. Conn. Apr. 13, 2012); Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994); Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). No such clarity exists regarding Wall's conduct— he expressly denies making the threat for which Lynch charged him. Moreover, I find persuasive the analysis and holding of Maben v. Thelen, 887 F.3d 252, 262 (6th Cir. 2018) ("A finding of guilt at a prison misconduct hearing does not act as an absolute bar to a prisoner's First Amendment retaliation claim.").

Taking the evidence in the light most favorable to Wall, while Lynch escorted Wall to his cell on November 6, 2014, the officer said, "I heard what happened with you suing Officer Looney" and "I will make sure your ass goes back to C-Building," where long-term segregation

inmates were confined. R&R 28-29 [ECF No. 99]. Lynch then brought the disciplinary charge claiming that Wall threatened, "I'll get you the next time I come to the yard." Id. at 28. At the disciplinary hearing, Wall denied making the statement for which he was charged, was found guilty, and was fined $12. I agree with the magistrate judge that Wall's evidence presents genuine issues of material fact on which he might persuade a fact finder that Lynch falsely charged Wall with making a threat of bodily harm in retaliation for Wall's prior law suit against another canine officer and that Lynch's retaliatory action resulted in a substantial adverse impact on Wall. Therefore, I will overrule Defendants' objection.

Furthermore, I agree with the magistrate judge's factual findings based on the record, her legal conclusions as to the outcome of Wall's claims, and her recommended disposition of the parties' motions. Accordingly, I will adopt the Report, deny the defendants' motion for summary judgment in part, and deny Wall's motion. An appropriate order will enter this day.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the parties.

ENTERED this 17th day of April, 2019.

Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE